CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JUN 16 2008

JOHN F. CORCORAN, CLERK
BY: /s/ J. Bright
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID A. FARMER,<br>    Petitioner, | Civil Action No. 7:08-cv-00225 |
| v. | **MEMORANDUM OPINION** |
| SGT. E. ALEXANDER,<br>    Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner David A. Farmer, a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Farmer challenges the validity of his confinement under the August 14, 2007, judgment of the Circuit Court for the City of Roanoke, convicting him of violating the terms of his probation and sentencing him to three years imprisonment, which he is now serving. Respondent filed a motion to dismiss, and Farmer responded, making the matter ripe for the court's consideration. Upon review of the record, the court finds that the petition must be dismissed without prejudice for failure to exhaust state court remedies.

I.

The record indicates that on August 18, 1999, the Circuit Court for the City of Roanoke convicted Farmer of possession of cocaine with intent to distribute and sentenced him to ten years imprisonment, all suspended, and three years of probation. (Case No. CR99000184). The court revoked Farmer's probation the first time on September 15, 2003, and sentenced him to twelve months imprisonment and one year and six months probation. (Case No. CR99000184R). Again,

1

on August 24, 2005, the court revoked Farmer's probation and sentenced him to twelve months imprisonment and indefinite, supervised probation. (Case No. CR99000184R2).

When Farmer was released from prison on July 2, 2006, he reported to the probation office to find out who his probation officer would be. The secretary allegedly could not find his records and told him that the probation must be unsupervised; relying on this information, Farmer did not report to his probation officer. Seven or eight months later, Farmer received a new criminal sentence that included a term of probation. When Farmer reported to his probation officer related to these new, separate criminal charges, he discovered that the probation imposed in August 2005 related to his cocaine possession conviction was, in fact, supervised and he had violated its conditions by, among other things, failing to report.

Farmer's probation officer charged him with probation violations and he was arrested. On or about July 6, 2007, Farmer filed a petition for a writ of habeas corpus in the circuit court. In this petition, he alleged that respondents had wrongfully charged him with violating his probation. (Case No. CL07-1392). While this petition was pending, the court conducted Farmer's third revocation hearing on August 14, 2007. When Farmer's attorney moved to strike the Commonwealth's evidence, the court found that Farmer "was not in violation for failing to report to the probation office, but overruled the motion as to the other [charged] violations." (Resp. Exh. 1 at page 1). The court found that Farmer had violated his conditions of probation, revoked his probation, and sentenced him to three years imprisonment. (Case No. CR99-184R3). Farmer did not appeal the revocation or the sentence. By order dated September 12, 2007, the circuit court dismissed Farmer's pre-hearing habeas case; because the court had conducted the hearing on August 14, addressed the issues raised in his habeas petition, and found probation violations, the court found that the habeas

2

petition filed before the hearing was moot. Farmer asserts that he filed an appeal of this dismissal order, and attaches a copy of the circuit court docket which appears to indictate that a notice of appeal was filed in Case No. CL07-1392 on September 23, 2007. However, when Farmer wrote to the Supreme Court of Virginia in January 2008, inquiring about the status of the appeal, a legal assistant wrote back to Farmer, stating that "a search of our records . . . reveals nothing has been filed under the name in this Court." (Pet'r's Response, Dkt. No. 18, Attach. 2). Farmer filed this § 2254 petition in March 2008.

II

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. Va. Code. §8.01-654. A non-death row felon in Virginia can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, he can file a direct appeal to the Virginia Court of Appeals. See Va. Code §17.1-406(A), with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, he can attack the judgment of the court collaterally by filing a state habeas petition with the circuit court, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va. Code §8.01-654(A); §17.1-406(B). Finally, he can exhaust his remedies by filing

3

a state habeas petition directly with the Supreme Court of Virginia. See Va. Code §8.01-654(A). Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.

In this § 2254 petition, Farmer asserts that his probation officer "messed up [his] paperwork, and violated [him] of conditions that [he] wasn't aware of, nor signed to until after [his] new charge." Respondent argues that the petition must be dismissed without prejudice for failure to exhaust state court remedies, because Farmer has not presented this claim to the Supreme Court of Virginia and state court remedies are yet available to him. Pointing to the evidence that a notice of appeal was filed in Case No. CL07-1392, Farmer argues that he did go to the Supreme Court of Virginia. He does not dispute respondent's argument, however, that his state habeas claim was different than his current claim, as in the state habeas he was claiming that his probation officer had wrongfully charged him with violating probation conditions. The circuit court record verifies Farmer filed the state petition in early July 2007, weeks before the August 14, 2007 revocation judgment was entered. As he has not yet filed a state habeas petition challenging the August 14, 2007 revocation judgment itself, he has not yet presented his current claim to the Supreme Court of Virginia. Because he has state court remedies available, he has not met the exhaustion requirement of

§ 2254(b). Accordingly, this court must dismiss his petition without prejudice.[1] An appropriate final order will be entered this day.

The Clerk of the Court is directed to send copies of this memorandum opinion and final order to petitioner and to counsel of record for respondent.

ENTER: This 16th day of June, 2008.

/s/ James C. Turk
Senior United States District Judge

---

[1] If Farmer is unsuccessful in obtaining relief after presenting his claims to the Virginia Supreme Court, he may then file a new § 2254 petition. He is hereby advised that a state inmate generally has one year from the date on which the challenged conviction became final in which to file a § 2254 petition. While Farmer's one year period began to run sometime in September 2007, the filing period will be tolled (stopped) while any state court habeas petition related to that conviction is pending. 28 U.S.C. § 2244(d)(2).

5